UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| THOMAS L. ROWLEY, Jr., | ) |
| --- | --- |
| Plaintiff, | ) |
| vs. | ) CASE NO. 1:10-cv-1543-DML-LJM |
| MICHAEL J. ASTRUE, Commissioner of the Social Security Administration, | ) |
| Defendant. | ) |

# Decision on Judicial Review

Plaintiff Thomas L. Rowley, Jr. applied for Supplemental Security Income disability benefits (SSI) on December 20, 2007, alleging that he has been disabled since March 1, 2003, because of depression, high blood pressure, vision and hearing problems, and a mass in his head. (*See* R. 65). The Social Security Administration ("SSA") denied his claim on initial review and reconsideration, finding that his health problems are "based on drug addiction and/or alcoholism." (R. 57, 62). Acting for the Commissioner of the Social Security Administration, an administrative law judge held a hearing on January 14, 2010, and then issued a decision on April 7, 2010, finding that Mr. Rowley is not disabled. The ALJ rejected medical expert opinion that Mr. Rowley is disabled but that his disability stems from alcohol abuse. The National Appeals Council denied review of the ALJ's decision, rendering the ALJ's decision for the Commissioner final. Mr. Rowley filed this civil action, under 42 U.S.C. § 405(g), for review of the

Commissioner's decision.  *See* 42 U.S.C. 1383(c)(3) (providing that judicial review of SSI disability decisions are governed by section 405(g)).[1]

Mr. Rowley contends the ALJ (a) erred at step three in evaluating his mental impairments and should have found that his medical condition meets or medically equals listing 12.04, describing affective disorders and (b) erred at step five because the RFC evaluation did not properly account for Mr. Rowley's mental impairments.

**Standard for Proving Disability**

To prove disability for purposes of SSI benefits, a claimant must show that he is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months."  42 U.S.C. § 1382c(a)(3)(A).  Mr. Rowley is disabled if his impairments are of such severity that he is not able to perform the work he previously engaged in and, if based on his age, education, and work experience, he cannot engage in any other kind of substantial gainful work that exists in significant numbers in the national economy.  42 U.S.C. § 1382c(a)(3)(B).  The Social Security Administration ("SSA") has implemented these statutory standards for SSI disability benefits by, in part, prescribing a five-step sequential evaluation process for determining disability.  20 C.F.R. § 416.920(a)(4).

Step one asks if the claimant is currently engaged in substantial gainful activity; if he is, then he is not disabled.  Step two asks whether the claimant's impairments, singly or in combination, are severe; if they are not, then he is not disabled.  A severe impairment is one that "significantly limits [a claimant's] physical or mental ability to do basic work activities."  20

---

[1] The parties consented to the magistrate judge conducting all proceedings and ordering the entry of judgment as provided by 28 U.S.C. 636(c) and Fed. R. Civ. P. 73.

C.F.R. § 416.920(c). The third step is an analysis of whether the claimant's impairments, either singly or in combination, meet or equal the criteria of any of the conditions in the Listing of Impairments, 20 C.F.R. Part 404, Subpart P, Appendix 1. The Listing of Impairments are medical conditions defined by criteria that the SSA has pre-determined are disabling, so that if a claimant meets all of the criteria for a listed impairment or presents medical findings equal in severity to all the criteria for the most similar listed impairment, then the claimant is presumptively disabled and qualifies for benefits. *Sims v. Barnhart,* 309 F.3d 424, 428 (7th Cir. 2002).

If the claimant's impairments do not satisfy a listing, then his residual functional capacity (RFC) is determined for purposes of steps four and five. RFC is a claimant's ability to do work on a regular and continuing basis despite his impairment-related physical and mental limitations. 20 C.F.R. § 416.945. At the fourth step, if the claimant has the RFC to perform his past relevant work, then he is not disabled. The fifth step asks whether there is work in the relevant economy that the claimant can perform, based on his age, work experience, and education (which are not considered at step four), and her RFC; if so, then he is not disabled.

The individual claiming disability bears the burden of proof at steps one through four. *Bowen v. Yuckert,* 482 U.S. 137, 146 n.5 (1987). If the claimant meets that burden, then the Commissioner has the burden at step five to show that work exists in significant numbers in the national economy that the claimant can perform, given his age, education, work experience, and functional capacity. 20 C.F.R. § 416.960(c)(2); *Young v. Barnhart,* 362 F.3d 995, 1000 (7th Cir. 2004).

**Standard for Review of the ALJ's Decision**

Judicial review of the Commissioner's (or ALJ's) factual findings is deferential. A court must affirm if no error of law occurred and if the findings are supported by substantial evidence. *Dixon v. Massanari,* 270 F.3d 1171, 1176 (7th Cir. 2001). Substantial evidence means evidence that a reasonable person would accept as adequate to support a conclusion. *Id.* The standard demands that there be more than a scintilla of evidentiary support, but does not demand a preponderance of the evidence. *Wood v. Thompson,* 246 F.3d 1026, 1029 (7th Cir. 2001). This limited scope of judicial review follows the principle that Congress designated the Commissioner, not the courts, to make disability determinations:

> In reviewing the decision of the ALJ, we cannot engage in our own analysis of whether [the claimant] is severely impaired as defined by the SSA regulations. Nor may we reweigh evidence, resolve conflicts in the record, decide questions of credibility, or, in general, substitute our own judgment for that of the Commissioner. Our task is limited to determining whether the ALJ's factual findings are supported by substantial evidence.

*Young v. Barnhart,* 362 F.3d 995, 1001 (7th Cir. 2004) (internal citations omitted). *See also Cannon v. Apfel,* 213 F.3d 970, 974 (7th Cir. 2000) (court reviews record as a whole, but does not substitute its judgment for the ALJ's judgment by reweighing evidence, or resolving conflicts, or reconsidering the facts or witness credibility). Where conflicting evidence allows reasonable minds to differ as to whether a claimant is entitled to benefits, the court must defer to the Commissioner's resolution of this conflict. *Binion v. Chater,* 108 F.3d 780, 782 (7th Cir. 1997). A reversal and remand may be required, however, if the ALJ committed an error of law, *Nelson v. Apfel,* 131 F.3d 1228, 1234 (7th Cir. 1997), or based the decision on serious factual mistakes or omissions. *Sarchet v. Chater,* 78 F.3d 305, 309 (7th Cir. 1996).

The ALJ is required to articulate a minimal, but legitimate, justification for his decision to accept or reject specific evidence of a disability. *Scheck v. Barnhart,* 357 F.3d 697, 700 (7th

Cir. 2004). If an ALJ concludes that benefits should be denied, he must have first built an accurate, logical bridge between the evidence and his conclusion. *Berger v. Astrue,* 516 F.3d 539, 544 (7th Cir. 2008). The ALJ need not address every piece of evidence in his decision, but he must trace the path of his reasoning and connect the evidence to his findings and conclusions. *Clifford v. Apfel,* 227 F.3d 863, 872 (7th Cir. 2000).

## **The ALJ's Findings**

Mr. Rowley was born on April 21, 1956, was 46 years old at the time of the alleged onset of disability in March 2003, and was 52 years old at the time of the ALJ's decision. At step one, the ALJ found that Mr. Rowley had not engaged in substantial gainful activity since the alleged onset of disability, and noted that he had earned very small sums of money in 2006 ($669.20) and 2007 ($798.00). (R. 10). The ALJ found that Mr. Rowley suffers from severe impairments of respiratory disease, back pain, and substance abuse, but that his hypertension, dizziness, and vision and hearing impairments are not severe. He noted that the hypertension is controlled through medication, and that the dizziness and vision and hearing impairments were related to a single event when Mr. Rowley was hit in the head with a baseball bat. (R. 11).

At step three, the ALJ evaluated Mr. Rowley's physical impairments against listings related to the musculoskeletal and respiratory systems and his mental impairments against listing 12.04 (affective disorders) and 12.09 (substance abuse), and found that no listing was met or medically equaled. The ALJ next determined Mr. Rowley's residual functional capacity, and found that he is capable of working at the light level of exertion. The RFC accounted for Mr. Rowley's respiratory difficulties and his drug and alcohol abuse by prohibiting work requiring Mr. Rowley to have contact with the public or more than occasional contact with co-workers, or requiring exposure to concentrated amounts of humidity or to pulmonary irritants. At step four,

5

the ALJ found that Mr. Rowley cannot perform his past relevant work, which required exertion at the medium to heavy level. At step five, the ALJ found that the grids supported a finding that Mr. Rowley is not disabled and, relying on the testimony of a vocational expert, found that Mr. Rowley is capable of working as a slot machine attendant, drive-in theater attendant, and inspector, for which there are a significant number of available jobs regionally and nationally. Accordingly, the ALJ decided that Mr. Rowley is not disabled.

## Analysis

### I. Substantial evidence does not support the ALJ's step three evaluation.

Mr. Rowley contends that the ALJ erred in determining that his mental impairments did not meet or medically equal listing 12.04 for affective disorders.[2]

As noted above, a claimant is disabled under step three if he has an impairment, or combination of impairments, that meets or medically equals one of the listings. *Barnett v. Barnhart,* 381 F.3d 664, 668 (7th Cir. 2004). Expert medical opinion on the issue of medical equivalence must be within the administrative record, and the ALJ must give it appropriate weight. *Id.* at 670. SSR 96-6p ("The [ALJ] . . . is responsible for the ultimate legal question whether a listing is met or equaled . . . However, longstanding policy requires that the judgment of a physician (or psychologist) designated by the Commissioner on the issue of equivalence . . . must be received into the record as expert opinion evidence and given appropriate weight").

---

[2] Buried within Mr. Rowley's discussion of his mental health records and treatment and their relationship to listing 12.04 and Mr. Rowley's functional abilities, is a paragraph describing a 2005 CT scan of Mr. Rowley's back, documentation for which is attached to Mr. Rowley's brief but was not part of the administrative record. Even if the court could consider this evidence, Mr. Rowley asserts only that it supports one element of listing 1.04 (disorders of the spine) but he does not contend that all elements of listing 1.04 are met. In fact, Mr. Rowley never again discusses a back problem or suggests that the ALJ committed any error regarding the alleged back impairment.

Listing 12.04 requires that the claimant's mental condition manifest itself at a level of severity measured by the so-called "B" criteria. To satisfy the B criteria, a claimant's mental disorder must result in at least two of the following:

Marked[3] restriction of activities of daily living; or

Marked difficulties in maintaining social functioning; or

Marked difficulties in maintaining concentration, persistence, or pace; or

Repeated episodes of decompensation, each of extended duration.

A medical evaluation prepared for the agency by psychologist William A. Shipley—and it is the sole expert medical opinion in the record addressing the listings—concluded that Mr. Rowley 's condition meets or medically equals listing 12.09 for alcohol dependence related to a mental health disorder measured by the B criteria. Dr. Shipley explained too that "Mr. Rowley continues to drink on a regular basis and this significantly impairs his functioning." (R. 276). Dr. Shipley found that Mr. Rowley *is* markedly restricted in the three B criteria functions and has suffered four or more episodes of decompensation. (R. 274).

The ALJ independently—as he should have—analyzed the B criteria, but his rejection of Dr Shipley's medical opinion (one that was shared by agency doctors on initial and reconsideration review) and his conclusions regarding the B criteria are not rationally grounded in the record. The ALJ gave "little weight" to Dr. Shipley's opinion because "the medical evidence of record supports some degree of limitation, but not a complete inability to function in all areas," but that statement does not explain away Dr. Shipley's expert medical opinion that a listing was met.

---

[3] "Marked" means "more than moderate but less than extreme. Listing 12.0)C (Assessment of level of severity).

7

Both the ALJ and Dr. Shipley found that Mr. Rowley was markedly limited in his social functioning. Social functioning refers to one's "capacity to interact independently, appropriately, effectively, and on a sustained basis with other individuals." Impaired functioning may be demonstrated by "a history of altercations, evictions, firings, fear of strangers, avoidance of interpersonal relationships, or social isolation." Listing 12.00C2. Mr. Rowley is homeless but does not want to stay at a shelter or mission, describes himself as a loner, and has suffered severe injuries from being beaten up on the street. This evidence, among other matters discussed in the record, is indicative of marked limitations in social functioning and supports the ALJ's finding.

In Dr. Shipley's view, the evidence also demonstrated that Mr. Rowley is markedly limited in his activities of daily living. Yet the ALJ found Mr. Rowley to be only moderately limited there because he is "basically independent and self-sufficient." (R. 12). The record overwhelmingly weighs against the conclusion that Mr. Rowley suffers only moderately in his daily living. He is homeless. And he consumes alcohol in large amounts daily (a six-pack of beer, pint of gin, and half pint of whiskey or wine in a day), smelled of alcohol at each of his consultative examinations, goes for days without eating, appeared for mental health treatment in dirty clothing and with an offensive body odor, and—in the opinion of the consultative psychologist—is not capable of managing money because he will spend it on alcohol.

In Dr. Shipley's view, the evidence demonstrated that Mr. Rowley has marked difficulties in maintaining concentration, persistence, or pace. The ALJ concluded Mr. Rowley's difficulties were only moderate but he did not explain why, stating only that Mr. Rowley "repeatedly abuses alcohol and crack cocaine, which have a direct impact on his ability to concentrate." The consultative psychological evaluation reports a wide range of concentration problems (*see* R. 249-253), and the ALJ's statement suggests that he evaluated Mr. Rowley's

8

concentration functions as if he were a sober man. But, as addressed later in this decision, the ALJ must first determine Mr. Rowley's functioning without segregating out the effects of his persistent alcohol or drug abuse.

Finally, in Dr. Shipley's view, Mr. Rowley also met the B criteria of suffering "repeated episodes of decompensation, each of extended duration." (R. 274). The SSA regulations define episodes of decompensation as "exacerbations or temporary increases in symptoms or signs accompanied by a loss of adaptive functioning, as manifested by difficulties in performing activities of daily living, maintaining social relationships, or maintaining concentration, persistence, or pace." *See* listing 12.00C4. Yet the ALJ considered only whether Mr. Rowley was suicidal "enough," concluding that he had experienced only "one to two episodes of decompensation" based on a hospital admission for suicidal intent and "many statements of suicidal thoughts without actual intent." (R. 13). Nothing in the regulations suggests that "decompensation" is synonymous with, or limited to, suicidal intent.

The ALJ's conclusion that only one of the B criteria was met is not rationally supported by the record. His reasons for rejecting the expert medical opinion regarding the B criteria and that a listing was satisfied lacked a logical basis as well.

**II.     The ALJ may evaluate the effect of Mr. Rowley's alcoholism on his disability.**

Although satisfaction of all of the criteria of a listing usually means a claimant is presumptively disabled and entitled to benefits, *Barnett v. Barnhart,* 381 F.3d 664, 668 (7th Cir. 2004), that is not true where "drug addiction or alcoholism is a contributing factor material to the determination of disability. . . ." 20 C.F.R. § 416.935. In 1996, Congress amended the Social Security Act to prohibit disability benefits if an applicant's alcoholism or drug addiction is "material" to the disability. Under Title XVI governing SSI benefits, "an individual shall not be

9

considered to be disabled for purposes of this subchapter if alcoholism or drug addiction would (but for this subchapter) be a contributing factor material to the Commissioner's determination that the individual is disabled." 42 U.S.C. § 1382c(a)(e)(J).

The Commissioner asks the court to affirm the ALJ's decision because if Mr. Rowley is disabled, his disability is because of alcohol dependence, as determined by the expert medical report in the record. The court cannot affirm on this ground. To do so would violate the *Chenery* rule that the court must confine its review of the ALJ's decision to the reasons the ALJ supplied. *See SEC v. Chenery Corp.,* 332 U.S. 194, 196 (1947).

While the ALJ consistently mentioned Mr. Rowley's alcohol abuse and attributed many of Mr. Rowley's functional difficulties to substance abuse—even stating his reliance "on the findings of the consultative examiner Dr. Ingwell to verify that the claimant's mental issues are directly related to his substance abuse"—he concluded that Mr. Rowley is not disabled, not that Mr. Rowley is disabled but that his disability results from substance abuse. (R. 15).

The regulations require a two-step analysis when disability may be linked to alcoholism or drug abuse to answer the question whether the claimant would still be disabled if he stopped his substance abuse. *See Maggard v. Apfel,* 167 F.3d 376, 379 (7th Cir. 1999) (if a claimant is found disabled, then the ALJ determines whether alcoholism or drugs contributed to the disability); *Harlin v. Astrue,* 424 Fed. Appx. 564, 567 (7th Cir. 2011). The ALJ first determines whether the claimant is disabled "without segregating out any effects that might be due to substance abuse." *Mayes v. Astrue,* 2008 WL 126691 at *6 (S.D. Ind. Jan. 10, 2008) (citing 20 C.F.R. § 416.835(b)(2)). Second, the ALJ evaluates "which of [the claimant's] current physical and mental limitations . . . would remain" if the claimant stopped his substance abuse and determines if these remaining limitations would be disabling. *Id.* If the remaining limitations

would not be disabling, then the ALJ can conclude that substance abuse "is a contributing factor material to the determination of disability" and deny benefits on that ground. *Id.* The claimant bears the ultimate burden to show that his substance abuse is *not* a contributing factor material to finding him disabled. *Harlin,* 424 Fed. Appx. at 567.

Remand is necessary because the ALJ's decision that Mr. Rowley does not suffer from a listing-level disability is not supported by substantial evidence in the record. The ALJ must reconsider his analysis beginning at least at step three and determine if Mr. Rowley is disabled *without* segregating out the effects of his substance abuse. If the ALJ concludes that Mr. Rowley is disabled, then the ALJ may determine whether Mr. Rowley would still be disabled if he stopped abusing alcohol or drugs. On remand, the ALJ may further develop the record, including consulting a medical advisor.

## **Conclusion**

The Commissioner's decision that Mr. Rowley is not disabled is REVERSED and REMANDED under sentence 4 of 42 U.S.C. 405(g) for further proceedings consistent with this opinion.

So ORDERED.

Date: 03/12/2012

Debra McVicker Lynch
United States Magistrate Judge
Southern District of Indiana

Distribution:

Thomas E. Kieper
UNITED STATES ATTORNEY'S OFFICE
tom.kieper@usdoj.gov

Patrick Harold Mulvany
patrick@mulvanylaw.com